UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOHN EDWARD DU BOSE, II,

        Plaintiff,
v.                                                  Case No. 07-CV-692

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT,
VINCENT WOLLER and ANTHONY CAIOS,

        Defendants.
_____

## ORDER

On July 27, 2007, pro se plaintiff John Edward DuBose, II filed a complaint alleging that the defendant Milwaukee Police Officers discriminated against him based on his race in regard to issuing him a reckless driving ticket and completing a motor vehicle accident report. On March 18, 2008, the defendants filed a motion to dismiss defendants Vincent Woller and Anthony Caios without prejudice pursuant to Fed. R. Civ. P. Rule 4(m) because they have not been served with the summons and complaint and more than 120 days have expired since the complaint was filed. The plaintiff did not file a response to the motion to dismiss.

Pursuant to Rule 4(m), the period to serve the summons and complaint on defendants Woller and Caios expired on November 27, 2007, 120 days after the plaintiff filed his complaint. Rule 4(m) provides "if the plaintiff shows good cause for the failure [to serve the defendant within 120 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause means a valid reason for delay, such as the defendant evading service. *Geiger v. Allen*, 850

F.2d 330, 333 (7th Cir. 1988). The plaintiff bears the burden of showing good cause. *Id.* When good cause is adequately demonstrated, the district court is obligated to extend the time for service. *See Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).

On October 29, 2007, the defendants filed their answer to the plaintiff's complaint and they included the affirmative defense that the plaintiff had failed to serve defendants Woller or Caios, and that the court, therefore, lacked personal jurisdiction over those defendants. (Defs.' Answer 3.) On November 8, 2007, the plaintiff met with defense counsel who pointed out to the plaintiff that he had not served the summons and complaint on the two defendant officers, and that he was required to do so. (Horwitz Aff. ¶¶ 6, 7.) Despite these notices, the plaintiff did not serve defendants Woller or Caios. While the court acknowledges that the plaintiff is proceeding pro se, even pro se litigants must follow procedural rules and the court has discretion to enforce those rules. *See Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002); *Greer v. Bd. of Educ. of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). Given that the plaintiff did not serve defendants Woller or Caios, or respond to the defendants' motion to dismiss, the court concludes the plaintiff has not shown good cause for failing to timely serve defendants Woller and Caios, and, therefore, the court will grant the defendants' motion to dismiss defendants Woller and Caios without prejudice pursuant to Fed. R. C. P. Rule 4(m).

Accordingly,

**IT IS ORDERED** that the defendants' unopposed motion to dismiss (Docket #16) be and the same is hereby **GRANTED**; defendants Vincent Woller and Anthony Caios are hereby **DISMISSED** without prejudice from this action pursuant to Fed. R. C. P. Rule 4(m).

Dated at Milwaukee, Wisconsin, this 30th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge