# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN EDWARD DUBOSE, II

        Plaintiff,

v.                                        Case No. 07-CV-692

CITY OF MILWAUKEE and
MILWAUKEE POLICE DEPARTMENT

        Defendant.

# ORDER

On July 27, 2007, *pro se* plaintiff John Edward DuBose, II ("DuBose") filed a complaint, pursuant to 42 U.S.C. § 1983, against the City of Milwaukee ("City"), the Milwaukee Police Department ("MPD") and two MPD officers. DuBose alleges that MPD officers violated his rights under the Equal Protection Clause of the Fourteenth Amendment by issuing him a reckless driving ticket, and improperly completing a motor vehicle accident report because of DuBose's race. On April 30, 2008, the court granted defendants' motion to dismiss the two MPD officers for failure to effectuate service of process under Fed.R.Civ.P. 4(m). (Order, April 30, 2008, Docket #20). Defendants now move for summary judgment pursuant to Fed.R.Civ.P. 56.

## BACKGROUND

While delivering a pizza in his Chevy Blazer on July 31, 2004, DuBose collided with a motorcycle driven by Mark Daily ("Daily") in the 10400 block of West Fountain

Avenue in Milwaukee, Wisconsin.[1] (Defendants' Proposed Findings of Fact ("DPFF") ¶¶ 7-9, 11, Docket #23). MPD officers Vincent Woller ("Woller") and Anthony Caios ("Caios") arrived at the scene shortly after the accident. (DPFF ¶¶ 13-14). Daily sustained abrasions to the head, right arm and right hip, and was transported by ambulance to a local hospital. (DPFF ¶¶ 11-12, 37).

According to the defendants, the MPD's standard operating procedures require officers to investigate all motor vehicle accidents and make any reports required under state law. (DPFF ¶ 29). Wisconsin law requires police officers to report all traffic accidents to Wisconsin's Department of Transportation on a uniform report form, referred to as Form MV-4000. *See* Wis. Stat. § 346.70(4); (DPFF ¶ 32). The MPD's procedures require a Form MV-4000 to be filed for all traffic accidents occurring on private property that is open for public use. (DPFF ¶ 34). Procedures also require a supplemental report for traffic accidents resulting in personal injury where the victim is conveyed to a hospital by ambulance. (DPFF ¶ 36). Only in accidents resulting in fatal or serious injury do MPD procedures require accident reconstruction officers to respond to the scene. (DPFF ¶ 39).

In this case, after arriving at the scene, officers Caios and Woller interviewed DuBose and Daily. (DPFF ¶ 15). Officer Caios appears to have filled out an MV-4000 form along with a supplemental report describing the transporting of Daily

---

[1] Apparently, West Fountain Avenue is a private road providing public access to the St. James Place apartment complex. (DPFF ¶ 10). DuBose was employed at the time by Domino's Pizza, and was delivering a pizza to the 10500 block of West Fountain Avenue when the accident occurred. (DPFF ¶¶ 8-9).

to St. Michael's Hospital in Milwaukee. (DPFF ¶ 17; Henry Aff. Ex. B, Docket #24). The report indicated that DuBose had taken a left turn too wide, and crossed the center line of West Fountain Avenue. (Henry Aff. Ex. B, Docket #24). The report concludes that Daily slid his motorcycle to the ground to avoid a head-on collision with DuBose's Blazer. (Henry Aff. Ex. B, Docket #24). Officer Woller issued a reckless driving citation to DuBose. (DPFF ¶ 16). DuBose contested the citation in Milwaukee Municipal Court, and the citation was later dismissed when Daily did not appear as a witness. (DPFF ¶¶ 18-19). After the accident, DuBose alleges that he lost his job delivering pizzas.

## ANALYSIS

To prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those facts that "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 256-57. A nonmoving party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial, and may

not rely on allegations or denials in the nonmoving party's pleadings. Fed.R.Civ.P. 56(e). In conducting its review, the court views all facts and draws all reasonable inferences in favor of the nonmoving party. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006).

In their motion, defendants' assert that they are entitled to summary judgment for two reasons. First, defendants argue that DuBose has failed to establish that his equal protection rights were violated because he has not shown he was treated differently from any other person involved in a traffic accident to which MPD officers respond. Second, defendants argue that even if DuBose had established a constitutional violation, he could not show that a policy or practice of either the City or the MPD caused that violation. The court addresses each of these grounds in turn.

Municipalities may not create policies and practices that "selectively deny [their] protective services to certain disfavored minorities without violating the Equal Protection Clause." *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 197 n.3 (1989) (citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)). To establish a violation of the Equal Protection Clause, a plaintiff must first show that the defendant municipality treated him or her differently from similarly situated persons because of his or her membership in a protected class of individuals. *See Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 950-51 (7th Cir. 2002) (citations

-4-

omitted). A plaintiff must also show that the defendant discriminated against him or her intentionally or purposefully. *Id.* at 951.

In his response to defendants' motion, DuBose states that "[t]he lack of a policy to document accidents through pictures + [sic] other means led to officers wrongly accusing drivers of causing accidents." (Pl.'s Opp'n. Docket #28). DuBose's complaint alleges that officers Woller and Caios intentionally ignored skid marks at the scene of the accident that indicated DuBose's Blazer had not crossed the center line. DuBose's complaint also alleges that Caios's report incorrectly indicated how and where the accident occurred. At the summary judgment stage, bare allegations are insufficient to raise a genuine issue of material fact. *See* Fed.R.Civ.P. 56(e); *Geschke v. Air Force Ass'n*, 425 F.3d 337, 342 (7th Cir. 2005). While the court construes DuBose's pleadings liberally, DuBose must follow the Federal Rules of Civil Procedure like any other litigant. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citations omitted).

Moreover, because DuBose has not responded to defendants' proposed findings of fact, under Civil L.R. 56.2(e), the court must conclude that no genuine issues exist as to those facts. The defendants' proposed facts establish that officers Woller and Caios followed MPD procedures in reporting the traffic accident in question. Woller issued DuBose a citation for reckless driving, which was later dismissed because the only witness to the accident did not appear in court. Even in a light most favorable to DuBose, the court is unable to conclude that a

-5-

Case 2:07-cv-00692-JPS   Filed 02/03/09   Page 5 of 8   Document 33

omitted). A plaintiff must also show that the defendant discriminated against him or her intentionally or purposefully. *Id.* at 951.

In his response to defendants' motion, DuBose states that "[t]he lack of a policy to document accidents through pictures + [sic] other means led to officers wrongly accusing drivers of causing accidents." (Pl.'s Opp'n. Docket #28). DuBose's complaint alleges that officers Woller and Caios intentionally ignored skid marks at the scene of the accident that indicated DuBose's Blazer had not crossed the center line. DuBose's complaint also alleges that Caios's report incorrectly indicated how and where the accident occurred. At the summary judgment stage, bare allegations are insufficient to raise a genuine issue of material fact. *See* Fed.R.Civ.P. 56(e); *Geschke v. Air Force Ass'n*, 425 F.3d 337, 342 (7th Cir. 2005). While the court construes DuBose's pleadings liberally, DuBose must follow the Federal Rules of Civil Procedure like any other litigant. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citations omitted).

Moreover, because DuBose has not responded to defendants' proposed findings of fact, under Civil L.R. 56.2(e), the court must conclude that no genuine issues exist as to those facts. The defendants' proposed facts establish that officers Woller and Caios followed MPD procedures in reporting the traffic accident in question. Woller issued DuBose a citation for reckless driving, which was later dismissed because the only witness to the accident did not appear in court. Even in a light most favorable to DuBose, the court is unable to conclude that a

reasonable juror could find that DuBose was treated differently from any other similarly situated person, let alone that any possible disparate treatment was because of DuBose's race. DuBose's allegations, at most, show that officer Caios's report did not accurately reflect the cause of the traffic accident, and that officers Caios and Woller improperly attributed fault for the accident to DuBose. This could establish that the issuance of a citation to DuBose was unwarranted. However, DuBose's allegations do not establish that race played a role in Caios's and Woller's actions, or that DuBose was treated differently from any other similarly situated person. Therefore, because DuBose has presented insufficient evidence to show that his equal protection rights were violated, the court is obliged to grant defendants' motion and dismiss this action.

The court is also compelled to dismiss this action because DuBose has failed to establish that the defendants, as municipal entities,[2] are liable for the alleged unconstitutional actions of officers Woller and Caios. To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show that a policy or custom of the municipal entity caused a deprivation of the plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). A discriminatory policy or custom may be shown by one of the following:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by

---

[2] The court considers DuBose's suit against the City and the MPD to be claims against a municipality for purposes of determining § 1983 liability. *See Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (noting principles of municipal liability under § 1983 extend to local government units).

> written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997) (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)). Because a municipal entity may not be held vicariously liable under § 1983, a plaintiff must show that the entity's policy or practice itself was the "moving force behind the constitutional violation," rather than the independent misconduct of its employees. *See Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008) (citations omitted).

Liberally construed, DuBose's complaint alleges that MPD policies were inadequate to prevent officers from discriminating against persons involved in traffic accidents based on those persons' race. To establish that the MPD's lack of adequate policies caused a constitutional violation, DuBose had to present evidence of more than a single incident of discrimination. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (noting that "[n]o government has, or could have, policies about virtually everything that might happen"). However, DuBose has not presented any evidence that the absence of a policy in the MPD "might reflect a decision to act unconstitutionally" on the part of the City or the MPD. *Id.* Nor has DuBose even alleged the existence of any widespread MPD practice that was the moving force behind officers discriminating based on race in the issuance of traffic accident related citations. Finally, DuBose has failed to show that either officers Woller or Caios had any final policymaking authority such that liability could accrue against the

City or the MPD for their actions. Therefore, the court finds that the City and the MPD could not be held liable even if DuBose had established officers Woller or Caios acted unconstitutionally.

Because DuBose has failed to present sufficient facts to establish a constitutional violation, and because DuBose has not established the elements necessary to hold the defendants liable under § 1983, the court is obliged to grant defendants' motion and dismiss this action.

Accordingly,

**IT IS ORDERED** that defendants' motion for summary judgment (Docket #21) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff's complaint be and the same is hereby **DISMISSED** with prejudice.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge